## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMES C. ALEXANDER,** | **CIVIL ACTION** |
| **Plaintiff** | |
| **VERSUS** | **NO. 17-3017** |
| **BP EXPLORATION & PRODUCTION,** | **SECTION: "E" (1)** |
| **INC., ET AL.,** | |
| **Defendants** | |

### ORDER AND REASONS

Before the Court is Plaintiff James C. Alexander's Motion to Reconsider Order Granting Summary Judgment to Defendants ("Motion for Reconsideration").[1] Because Plaintiff has not shown that reconsideration of the Court's prior summary judgment order is needed to correct a manifest error of law or fact, account for newly discovered evidence, avoid manifest injustice, or comply with an intervening change in controlling law, the motion is **DENIED.**

### BACKGROUND

This case is a "B3" case arising out of the 2010 Deepwater Horizon oil spill in the Gulf of Mexico. B3 cases involve "claims for personal injury and wrongful death due to exposure to oil and/or other chemicals used during the oil spill response (e.g., dispersant)."[2] Only the relevant portions of the lengthy procedural background are recounted here.

On May 25, 2023, the Court issued an order[3] granting Defendant's' motion *in limine* to exclude the causation testimony of Plaintiff's expert, Dr. Jerald Cook, and

---

[1] R. Doc. 84.
[2] *In re Oil Spill by Oil Rig "Deepwater Horizon" in Gulf of Mexico, on Apr. 20, 2010*, No. MDL 2179, 2021 WL 6053613, at *10 (E.D. La. Apr. 1, 2021) (Barbier, J.).
[3] R. Doc. 81.

granting summary judgment[4] in favor of Defendants.

On June 22, 2023, Plaintiff filed this Motion for Reconsideration, in which he also requests the Court "delay in ruling on this Motion until" the United States Court of Appeals for the Fifth Circuit issues its opinion in a similarly-situated case.[5] Because no grounds for reconsideration exist, the Court will deny the motion and the request to delay ruling pending the appeal in the Fifth Circuit.

## **STANDARD**

Though the Federal Rules of Civil Procedure do not expressly allow motions for reconsideration of an order,[6] the Fifth Circuit has consistently recognized that parties may challenge a judgment or order under Federal Rules of Civil Procedure 59(e).[7] However, a Rule 59(e) motion to alter or amend an order is permitted only in rare circumstances that justify the "extraordinary remedy," typically "to correct manifest errors of law or fact or to present newly discovered evidence."[8]

Such motions may not relitigate or "rehash[] evidence, legal theories, or arguments that could have been offered or raised" prior to "entry of judgment."[9] Nor should the motions be used to "re-litigate prior matters that . . . simply have been resolved to the movant's dissatisfaction."[10] Instead, courts in this district "have generally considered four factors" when ruling on a Rule 59(e) motion: "(1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based"; "(2) the movant presents

---

[4] R. Doc. 82.
[5] R. Doc. 84 at p.2.
[6] *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000).
[7] *See S. Snow Mfg. Co, Inc. v. Snowizard Holdings, Inc.*, 921 F. Supp. 2d 548, 563–64 (E.D. La. 2013) (collecting cases).
[8] *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir.1989)).
[9] *Id.* at 478-79; *S. Snow*, 921 F. Supp. 2d at 565.
[10] *See Voisin v. Tetra Techs., Inc.*, No. 08-1302, 2010 WL 3943522, at *2 (E.D. La. Oct. 6, 2010).

newly discovered or previously unavailable evidence"; "(3) the motion is necessary in order to prevent manifest injustice"; "(4) the motion is justified by an intervening change in controlling law."[11]

## ANALYSIS

Plaintiff urges the Court to reconsider its summary judgment order "on the basis that it is inequitable and improper to exclude [the] medical causation expert testimony [of Dr. Jerald Cook] proffered by the Plaintiff" and grant summary judgment when the expert testimony of Dr. Linda Birnbaum,[12] Plaintiff argues, "creates material issues of fact."[13] Plaintiff asks the Court to "re-visit" its summary judgment order, "amend the findings," and "deny the motion for summary judgment."[14]

Plaintiff does not specify which of the four factors justifies reconsideration in this case, and Plaintiff's memorandum does not clearly advance an argument in support of any of the factors. First, nowhere does Plaintiff identify a "manifest error of law or fact."[15] The Motion for Reconsideration simply argues the Court "should" reverse its prior decision.[16] Second, Plaintiff's motion relies on evidence considered by the Court prior to its ruling,[17] not evidence that is "newly discovered or [was] previously unavailable."[18] Plaintiff's Motion for Reconsideration relies on Dr. Birnbaum's affidavit, which was attached as an exhibit to Plaintiff's opposition to Defendants' motion to exclude the causation testimony of Plaintiff's expert, Dr. Jerald Cook,[19] and already has been

---

[11] *S. Snow*, 921 F. Supp. 2d at 565.
[12] Attached to the instant motion as R. Doc. 84-2, but previously introduced on the record at R. Doc. 72-1.
[13] R. Doc. 84 at p. 1.
[14] *Id.*
[15] *S. Snow*, 921 F. Supp. 2d at 565.
[16] R. Doc. 84 at p. 1.
[17] *See* R. Doc. 84-1 at pp. 1–3.
[18] *S. Snow*, 921 F. Supp. 2d at 565.
[19] *See* R. Doc. 72-1.

considered by the Court. Third, the motion makes no substantive argument that the prior summary judgment order resulted in "manifest injustice;"[20] the motion simply refers to the Court's decision to exclude Plaintiff's expert testimony as "inequitable."[21] Lastly, Plaintiff's motion does not point to any "intervening change in controlling law."[22]

Instead, by its own terms, Plaintiff's motion "rehash[es] evidence, legal theories, or arguments that "were raised before the entry of judgment."[23] Plaintiff's Motion for Reconsideration "incorporates"[24] two prior memoranda: Plaintiff's opposition to Defendants' motion in limine to exclude expert testimony and motion for summary judgment[25] and Plaintiff's supplemental memorandum in opposition to Defendants' *Daubert* motion concerning the testimony of Dr. Cook.[26]

Plaintiff does not supplement these filings with newly discovered evidence to support the instant Motion for Reconsideration. Rather, Plaintiff urges arguments that already have been made, citing evidence already in the record[27] and "re-litigat[ing] prior matters that . . . simply have been resolved to [Plaintiff's] dissatisfaction."[28] As the Court made clear in similar B3 cases, the expert testimony of Dr. Cook was properly excluded; with that evidence excluded, "Plaintiff lack[ed] general causation testimony," and summary judgment was appropriate upon the Defendants' motion.[29]

In sum, the Plaintiff's Motion for Reconsideration relies on arguments courts

---

[20] *Id.*
[21] R. Doc. 84 at p. 1.
[22] *S. Snow*, 921 F. Supp. 2d at 565.
[23] *Templet*, 367 F.3d at 479.
[24] R. Doc. 84 at pp. 1–2.
[25] R. Doc. 71.
[26] R. Doc. 72.
[27] *See, e.g.*, R. Doc. 84-1 at p. 2.
[28] *Voisin*, 2010 WL 3943522, at *2 (E.D. La. Oct. 6, 2010).
[29] *See, e.g.*, Bruton v. BP Exploration & Production, Inc., et al.*, Civ. A. 17-3110 at R. Doc. 107 (E.D. La. 11/30/2022) (Morgan, J.).

*disfavor* when considering Rule 59 motions for reconsideration and does not show how any of the factors *favoring* reconsideration are present. Accordingly;

       **IT IS ORDERED** that the Motion for Reconsideration is **DENIED.**

       **IT IS FURTHER ORDERED** that Plaintiff's request that this Court delay ruling on the motion pending Fifth Circuit argument is **DENIED**.

       **New Orleans, Louisiana, this 6th day of July, 2023.**

                         **SUSIE MORGAN**
                 **UNITED STATES DISTRICT JUDGE**